1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VISION TECHNOLOGY DESIGN & MANUFACTURING, INC. </br></br> Plaintiff, </br></br> vs. </br></br> GENERAL WIRE SPRING COMPANY, </br></br> Defendant. | ) Case No. CV-F-07-412 OWW/WMW </br> ) </br> ) **ORDER OF THE COURT GRANTING** </br> ) **IN PART AND DENYING IN PART** </br> ) **DEFENDANT GENERAL WIRE** </br> ) **SPRING COMPANY'S MOTION TO** </br> ) **DISMISS** </br> ) </br> ) </br> ) </br> ) |

The Court, having reviewed (i) Defendant's Motion to Dismiss, (ii) Plaintiff's Brief in Opposition, and (iii) Defendant's Reply thereto, and having also heard oral argument from the parties' respective counsel on July 9, 2007, authored a Memorandum of Decision, dated July 13, 2007, and served the same, electronically, on all parties on July 17, 2007. This Order of Court follows, adjudging and decreeing as set forth below:

1. Defendant's 12(b)(3) Motion to Dismiss or Transfer for improper venue is **DENIED.** Although Defendant's purchase order forum selection clause identifies the Western District of Pennsylvania or the state courts of the Commonwealth of Pennsylvania as the agreed upon forum for litigation arising from these purchase orders, the Court, in taking the Complaint's allegations as true for purposes of this motion, finds that not all of Plaintiff's claims are based on breach of the purchase orders, including Plaintiff's claim for declaratory relief as to an alleged

**Walsworth,**
**Franklin,**
**Bevins &**
**McCall, LLP**
*ATTORNEYS AT LAW*

-1-

PDF created with pdfFactory trial version www.pdffactory.com

intellectual property dispute.

2. Defendant's 12(b)(6) Motion to Dismiss Plaintiff's first cause of action (breach of exclusive requirements contract) on the basis of failure to allege breach of exclusive requirements contract is **GRANTED WITH LEAVE TO AMEND**. The factual basis for the alleged contractual relationship between Plaintiff and Defendant is unclear, making it difficult to ascertain the nature of any contractual relationship between the parties. Without a clarifying amendment, it cannot be determined whether Plaintiff has stated a claim upon which relief can be granted against Defendant. Within ten (10) days of the filing of this Order, Plaintiff shall file a First Amended Complaint with facts specific as to the alleged contractual relationship between Plaintiff and Defendant.

Defendant's Motion to Dismiss Plaintiff's first cause of action (breach of exclusive requirements contract) based on the affirmative defense of the statute of frauds is **DENIED** on the grounds that 13 Pa.C.S.A. § 2201(c)(1) provides an exception to the statute of frauds in a contract for specially manufactured goods.

Defendant's Motion to Dismiss Plaintiff's first cause of action (breach of exclusive requirements contract) based on the affirmative defense of the statute of limitations is **DENIED** because the alleged breaches of the 2002 agreement occurred in mid-2006, and the present action was commenced on March 14, 2007.

3. Defendant's 12(b)(6) Motion to Dismiss Plaintiff's second cause of action (breach of purchase orders), fourth cause of action (unjust enrichment), and fifth cause of action (goods sold and delivered) is **DENIED** on the basis that it is not presently clear that the purchase order termination provision applies to the entire contract alleged by Plaintiff to preclude these claims for relief. Since Defendant's position that it could have terminated its contract with Plaintiff for cause is not based solely on the plain meaning of the termination provision, to clarify this issue would

**Walsworth,
Franklin,
Bevins &
McCall, LLP**
*ATTORNEYS AT LAW*

-2-

PDF created with pdfFactory trial version www.pdffactory.com

require the Court to consider "matters outside the pleading," which is not possible without treating the motion to dismiss as one for summary judgment, which the Court does not find to be appropriate at the present time.

4. Defendant's 12(b)(6) Motion to Dismiss Plaintiff's third cause of action (promissory estoppel) on the ground that Plaintiff's Complaint fails to allege facts to sustain a cause of action for promissory estoppel is **DENIED** in light of the allegations contained in paragraphs 42-47.

5. Defendant's 12(b)(6) Motion to Dismiss Plaintiff's sixth cause of action (declaratory relief) is **DENIED** on the basis that the Eastern District of California is not bound by the decision of another United States District Court and Defendant's cease and desist letter. An actual case or controversy exists between Plaintiff and Defendant regarding the alleged infringement of intellectual property rights for purposes of the Declaratory Judgment Act, and the cause of action is not premature.

6. Defendant's Motion to Strike Plaintiff's demand for consequential damages is **GRANTED** to the extent that the First Cause of Action prays for consequential damages under the causes of action based solely on the purchase orders. If the evidence establishes a broader contract, not limited to the purchase orders, it is possible that the general measure of foreseeable contract damages will apply and, to that extent, the Motion to Strike is **DENIED**.

**IT IS SO ORDERED.**

Dated: August 1, 2007              /s/ Oliver W. Wanger
                                   THE HONORABLE OLIVER W. WANGER
                                   UNITED STATES DISTRICT JUDGE

Walsworth, Franklin, Bevins & McCall, LLP
ATTORNEYS AT LAW

PDF created with pdfFactory trial version www.pdffactory.com