Daniel O. Jamison #76880
**DOWLING, AARON & KEELER, INC.**
8080 North Palm Avenue, Third Floor
P.O. Box 28902
Fresno, California 93729-8902
Tel: (559) 432-4500 / Fax: (559) 432-4590
djamison@daklaw.com

Attorneys for VISION TECHNOLOGY DESIGN & MANUFACTURING, INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VISION TECHNOLOGY DESIGN & MANUFACTURING, INC., a California corporation,<br><br>                Plaintiffs,<br><br>vs.<br><br>GENERAL WIRE SPRING COMPANY, a Pennsylvania corporation; ARTHUR SILVERMAN,<br><br>                Defendants and<br>                Third-Party Plaintiffs,<br><br>vs.<br><br>JACK FELIX,<br><br>                Third Party Defendant. | Case No.  1:07cv0412 OWW NEW (WMW)<br><br>STIPULATION FOR PROTECTIVE ORDER AND ORDER THEREON |

Whereas Vision Tech and General Wire have exchanged, and will continue to exchange, certain documents pursuant to the Federal Rules of Civil Procedure, as well as serve interrogatories, notices of depositions, and similar discovery requests, the responses to which counsel will reasonably submit may include the disclosure of trade secrets, proprietary data, and/or confidential business information ("Confidential Information" as defined in paragraph 1 herein);

PDF created with pdfFactory trial version www.pdffactory.com

1  Whereas Vision Tech and General Wire, by and through their counsel, have
2  agreed to produce such information for inspection, copying, and use in the present action, subject
3  to the terms and conditions of this Agreement; and

4  Subject to the approval of this Court, the parties hereby stipulate to the following
5  protective order:

6  1. In connection with this action, the parties may designate any document, thing,
7  material, testimony or other information derived therefrom as "Confidential" under the terms of
8  this Stipulated Protective Order (hereinafter "Order"). Confidential information means:

> Trade secrets, proprietary data, and/or confidential business information including a formula, pattern, compilation, program, device, method, technique, or process that:
>
> (1) Derives independent economic value, actual or potential, from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use; and
>
> (2) Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.

15  By designating a document, thing, material, testimony or other information
16  derived therefrom as "Confidential" under the terms of this order, the party making the
17  designation is certifying to the court that there is a good faith basis both in law and in fact for the
18  designation within the meaning of Federal Rule of Civil Procedure 26(g).

19  2. Confidential documents shall be so designated by stamping copies of the
20  document produced to a party with the legend "CONFIDENTIAL." Stamping the legend
21  "CONFIDENTIAL" on the cover of any multipage document shall designate all pages of the
22  document as confidential, unless otherwise indicated by the producing party.

23  3. Testimony taken at a deposition, conference, hearing or trial may be
24  designated as confidential by making a statement to that effect on the record at the deposition or
25  other proceeding. Arrangements shall be made with the court reporter taking and transcribing
26  such proceeding to separately bind such portions of the transcript containing information
27  designated as confidential, and to label such portions appropriately.

28  4. Material designated as confidential under this Order, the information



PDF created with pdfFactory trial version www.pdffactory.com

1 contained therein, and any summaries, copies, abstracts, or other documents derived in whole or
2 in part from material designated as confidential (hereinafter "Confidential Material") shall be
3 used only for the purpose of the prosecution, defense, or settlement of this action, and for no
4 other purpose.

5     5. Confidential Material produced pursuant to this Order may be discussed or
6 made available only to the Court, to counsel for a party (including the paralegal, clerical, and
7 secretarial staff employed by such counsel), and to the "qualified persons" designated below:

8     a. a party, or an officer, director, shareholder, or employee of a party reasonably
9 deemed necessary by counsel for that party to aid in the prosecution, defense, or settlement of
10 this action;

11     b. a party's liability insurer and its directors, officers, and employees;

12     c. experts or consultants (together with their staff) retained by such counsel to
13 assist in the prosecution, defense, or settlement of this action;

14     d. certified shorthand court reporter(s) engaged in this action;

15     e. a witness at any deposition or other proceeding in this action; and

16     f. any other person as to whom the parties in writing agree.

17     Prior to receiving any Confidential Material, each "qualified person" shall be
18 provided with a copy of this Order.

19     6. Depositions shall be taken only in the presence of qualified persons.

20     7. The parties may further designate certain discovery material or testimony of a
21 highly confidential and/or proprietary nature as 'CONFIDENTIAL—ATTORNEY'S EYES
22 ONLY" (hereinafter "Attorney's Eyes Only Material"), in the manner described in paragraphs 2
23 and 3 above.  Attorney's Eyes Only Material, and the information contained therein, shall be
24 disclosed only to the Court, to counsel for the parties (including paralegal, clerical and secretarial
25 staff employed by such counsel), and to the "qualified persons" listed in subparagraphs 5(b)
26 through (f) above, but shall not be disclosed to a party, or to an officer, director or employee of a
27 party, unless otherwise agreed or ordered.  If disclosure of Attorney's Eyes Only Material is
28 made pursuant to this paragraph, all other provisions in this order with respect to confidentiality



PDF created with pdfFactory trial version www.pdffactory.com

shall also apply.

8. Nothing herein shall impose any restrictions on a party from disclosing its own Confidential Material as it deems appropriate, nor from using or disclosing material that is in the public domain.

9. If Confidential Material, including any portion of a deposition transcript designated as Confidential or Attorney's Eyes Only, is included in any papers to be filed in Court, such papers shall be labeled "Confidential – Subject to Court Order" and filed under seal until further order of this Court.

10. In the event that any Confidential Material is used in any court proceeding in this action, it shall not lose its confidential status through such use, and the party using such shall take all reasonable steps to maintain its confidentiality during such use.

11. This Order shall be without prejudice to the right of the parties (i) to bring before the Court at any time the question of whether any particular document or information is confidential or whether its use should be restricted or (ii) to present a motion to the Court under FRCP 26(c) for a separate protective order as to any particular document or information, including restrictions differing from those as specified herein.  This Order shall not be deemed to prejudice the parties in any way in any future application for modification of this Order.

12. This Order is entered solely for the purpose of facilitating the exchange of documents and information between the parties to this action without involving the Court unnecessarily in the process.  Nothing in this Order nor the production of any information or document under the terms of this Order nor any proceedings pursuant to this Order shall be deemed to have the effect of an admission or waiver by either party or of altering the confidentiality or nonconfidentiality of any such document or information or altering any existing obligation of any party or the absence thereof.

13. This Order shall survive the final termination of this action, to the extent that the information contained in Confidential Material is not or does not become known to the public, and the Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed hereunder.  Upon termination of this case, counsel for the parties shall

PDF created with pdfFactory trial version www.pdffactory.com

assemble and return to each other all documents, material and deposition transcripts designated as confidential and all copies of same, or shall certify the destruction thereof.

SO STIPULATED.

Dated: _____

DOWLING, AARON & KEELER, INC.

By_____
    Daniel O. Jamison

Attorneys for VISION TECHNOLOGY DESIGN & MANUFACTURING, INC. and JACK FELIX

Dated: _____

COOPER & HOPPE

By_____
    Theodore W. Hoppe

Attorneys for VISION TECHNOLOGY DESIGN & MANUFACTURING, INC. and JACK FELIX

Dated: _____

DICKIE, MCCAMEY & CHILCOTE, P.C.

By_____
    Steven W. Zoffer

Attorneys for GENERAL WIRE SPRING COMPANY and ARTHUR SILVERMAN

Dated: _____

ROPERS, MAJESKI, JOHN & BENTLEY

By_____
    Frank J. Pagliaro, Jr.

Attorneys for GENERAL WIRE SPRING COMPANY and ARTHUR SILVERMAN

5
STIPULATED PROTECTIVE ORDER

PDF created with pdfFactory trial version www.pdffactory.com

# **ORDER**

Based on the above Stipulation, and good cause appearing,

IT IS SO ORDERED.

IT IS FURTHER ORDERED that "qualified persons" as defined above shall maintain confidential and shall not further disclose documents, information or material designated as Confidential in accordance with the above Stipulation.

DATED: June 24, 2008

/s/ OLIVER W. WANGER
JUDGE OF THE DISTRICT COURT

::ODMA\PCDOCS\RMKB\5140987\1